NO. 07-08-0279-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 12, 2009
_____

TEXAS MUTUAL INSURANCE COMPANY,

Appellant

V.

GOETZ INSURORS, INC. AND
GOETZ INSURORS, INC., AS ASSIGNEE
OF THE CLAIMS OF CATTLECO, INC.,

Appellees
_____

FROM THE 64th DISTRICT COURT OF SWISHER COUNTY;

NO. A-10810-05-11; HON. ROBERT W. KINKAID, JR., PRESIDING
_____

***ON ABATEMENT AND REMAND***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Texas Mutual Insurance Company appeals from the final judgment of the trial court. On August 11, 2008, the clerk's record was filed. The reporter's record was due on October 15, 2008. No extension motion or reporter's record was filed. On October 22, 2008, this court directed the court reporter by letter "to advise the Court of the status of the reporter's record on or before November 3, 2008." In response, the Court received a

motion for extension of time to file the record, which was granted to November 14, 2008. No extension motion or record was filed by that date. On December 1, 2008, the Court again notified the reporter that the record had not been filed and the reporter was asked to provide the status of the record by December 10, 2008. On December 10, 2008, the reporter filed her second extension motion requesting until January 12, 2009, to file the record, which was granted. On January 5, 2009, this Court received the court reporter's third extension request asking for an additional thirty days to file the record.

Accordingly, we abate this appeal and remand the cause to the 64th District Court of Swisher County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine:

> when the reporter's record can reasonably be transcribed into written form and filed in a manner that does not further delay the prosecution of this appeal or have the practical effect of depriving the appellant of their right to appeal.

The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk's record containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be developed a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing, if any. Additionally, the district court shall then file the supplemental clerk's and reporter's records transcribing the hearing with the clerk of this court on or before February 11, 2009. Should further time be needed by the trial court to perform these tasks, then same must be requested before February 11, 2009.

2

It is so ordered.

Per Curiam

Do not publish.